IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SOUTHERN STAR EXPRESS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DORIAN J. PAGE ) <br> ) <br> Defendant. ) | Civil Action No. 5:19-cv-1423 |

**COMPLAINT FOR DECLARATORY RELIEF & TO COMPEL INDIVIDUAL ARBITRATION UNDER THE FEDERAL ARBITRATION ACT**

Plaintiff files this lawsuit to declare its Arbitration Agreement with Defendant enforceable and to compel Defendant to individual arbitration.

## THE PARTIES

1. Plaintiff Southern Star Express, LLC ("Southern Star") is a limited liability company organized under the laws of the State of Texas, with a principal place of business at 4849 Greenville Ave, Suite 1540, Dallas, Texas 75206.

2. Southern Star is a logistics company that primarily employs delivery drivers.

3. Defendant Dorian J. Page ("Defendant") is an individual and citizen of the State of Texas. He may be served with process at 5010 Arizona Bay, San Antonio, Texas 78244.

4. Southern Star previously employed Defendant as a Driver.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331, as this lawsuit arises under federal law, namely the Fair Labor

4822-1102-0974v1
2908665-000023

Standards Act ("FLSA").  Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, codified at Title 28, United States Code, Sections 2201 through 2202, further empower this Court to award declaratory relief.

6. This Court has personal jurisdiction over Defendant because Defendant is subject to general jurisdiction in the State of Texas.

7. This is the proper venue for this lawsuit pursuant to Title 28, United States Code, Section 1391(b) because most of the events giving rise to this lawsuit occurred in this District and Division.

8. Finally, because the Parties agreed to arbitrate in this District and Division, this is the Court empowered by Section 4 of the Federal Arbitration Act ("FAA") to compel it.  *See* 9 U.S.C. § 4; *see also Dealer Computer Servs., Inc. v. Red Hill Ford, Inc.*, 2009 WL 2498483, at *1 (S.D. Tex. Aug. 11, 2009) ("As the Fifth Circuit has, with limited exceptions, followed sister circuits in concluding that § 4 requires only the district where arbitration is occurring to properly exercise jurisdiction in motions to compel arbitration . . . .").

## FACTUAL BACKGROUND

9. Southern Star incorporates and realleges all preceding paragraphs.

10. Southern Star provides delivery services to customers.

11. In November 2018, Southern Star hired Defendant as a Driver, servicing the greater San Antonio area.

12. Defendant's start date was November 30, 2019.  At that time, Defendant signed an Agreement to Arbitrate Disputes & Claims (the "Arbitration Agreement").  The Arbitration Agreement is attached as Exhibit 1.

13. The Arbitration Agreement is between Southern Star and Defendant. Defendant signed the Arbitration Agreement in consideration for his employment with Southern Star. (Arbitration Agreement, p. 1, ¶ 1.)

14. In signing the Arbitration Agreement, Defendant agreed to arbitrate any and all claims "arising from, in connection with, or out of [his] employment relationship with [Southern Star] . . . ." (*Id*.)

15. Defendant further agreed to arbitrate "on an individual basis only; never with another person or entity; never as a representative of another person or entity; and never as part of any class, collective, or group of any kind whatsoever." (*Id*., ¶ 4.)

16. Finally, Defendant agreed that "[a]ll arbitration proceedings shall be filed and shall otherwise take place in the State and County of [Defendant's] (i) employment with [Southern Star] or (ii) residence as of the date of [Defendant's] signature below." (*Id*., ¶ 5.) Defendant signed the Arbitration Agreement on November 30, 2018. (*Id*., p. 2.) At which time, Defendant both worked out of and resided in San Antonio, which sits in Bexar County. Accordingly, by agreement, any arbitration should occur in Bexar County, Texas.

17. By March 2019, Defendant's employment with Southern Star ended.

18. Since that time, a dispute has arisen between Southern Star and Defendant regarding whether Southern Star's payroll practices violated the FLSA. Defendant asserts that they did, that he is entitled unpaid wages, including overtime, and that he intends to bring his (supposed) claims on behalf of himself and others (supposedly) similarly situated.

19. The Arbitration Agreement, however, requires Defendant to arbitrate any such claims—not litigate them—and to do so on an individual basis only. Accordingly, Southern Star asks the Court to declare as much and compel Defendant to individual arbitration.

4822-1102-0974v1
2908665-000023

## COUNT 1 – DECLARATORY RELIEF UNDER THE FAA

20. Southern Star incorporates and realleges all preceding paragraphs.

21. There exists and actual and justiciable controversy between the Parties with respect to whether Defendant must arbitrate any supposed wage-and-hour disputes with Southern Star, and whether he must do so on an individual basis.

22. Southern Star seeks declaratory relief on this controversy. Specifically, Southern Star seeks a declaration that the Arbitration Agreement is enforceable, permits individual arbitration only, and covers any supposed wage-and-hour dispute between Defendant and Southern Star.

## COUNT 2 – ENFORCE & COMPEL ARBITRATION UNDER THE FAA

23. Southern Star incorporates and realleges all preceding paragraphs.

24. The Arbitration Agreement is enforceable and covers any supposed wage-and-hour disputes between Defendant and Southern Star. Moreover, the Arbitration Agreement permits individual arbitration only.

25. The Arbitration Agreement should be enforced according to its terms.

26. Pursuant to the FAA, namely Section 4, Defendant and any supposed claim should be compelled to arbitration.

## PRAYER FOR RELIEF

27. Southern Star incorporates and realleges all preceding paragraphs.

28. Southern Star respectfully requests judgment against Defendant declaring that (i) the Arbitration Agreement is enforceable; (ii) it permits individual arbitration only; and (iii) it covers any supposed wage-and-hour dispute between Defendant and Southern Star

29. Southern Star further requests an order enforcing the Arbitration Agreement and compelling Defendant and his supposed claims to individual arbitration.

30. Finally, Southern Star requests an award of all costs, expenses, and attorney fees incurred by Southern Star in readying, bringing, and prosecuting this action, as well as any additional relief the Court deems warranted under the circumstances.

This, the 6th day of December, 2019.

Respectfully submitted,

*/s/ Melissa Vest*
**MELISSA VEST**
Texas Bar No. 24096002
Federal Bar No. 3208933
mvest@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 - Facsimile

**JENNA M. BEDSOLE**
Alabama Bar No. 4603-N74J
*Pro Hac Vice Application Forthcoming*
jbedsole@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
420 Twentieth Street North, Suite 1400
Birmingham, Alabama 35203
(205) 328-0480 – telephone

**ZACHARY B. BUSEY**
Tennessee Bar No. 2016223
*Pro Hac Vice Application Forthcoming*
zbusey@bakerdonelson.com
BAKER, DONELSON, BEARMAN
   CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-8164 – telephone

***ATTORNEYS SOUTHERN STAR EXPRESS, LLC***