IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SOUTHERN STAR EXPRESS, LLC § | |
|     Plaintiff § | |
| § | |
| vs. § | C.A. NO. 19-CV-01423-DAE |
| § | JURY TRIAL DEMANDED |
| § | |
| DORIAN J. PAGE, ET AL. § | |
|     Defendant § | |

## DECLARATION OF WILLIAM S. HOMMEL, JR. IN SUPPORT OF ATTORNEYS' FEES AND COSTS

Pursuant to 28 U.S.C. §1746, I declare, certify, verify, and state, on this day, under penalty of perjury, that the following is true and correct. The facts to which I attest herein are from my personal knowledge, are true and correct, and I am competent to testify as to the same.

I serve as counsel for Plaintiffs in this case. I make this declaration in support of the motion for approval of the settlement in the above-captioned case on behalf of myself and paralegal Natashea Moore, who worked on the above case, setting out the following facts, pursuant to the criteria established by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04, *reprinted in* Tex. Gov't Code., tit. 2, submit. G app. (State Bar Rules, art. X, §§ 9)); *and see Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

## QUALIFICATIONS

I have been a trial lawyer for 35 years. I have tried over 100 cases to verdict in state and federal courts in Texas and Louisiana over that span of time. I am Board Certified by the Texas Board of Legal Specialization in Labor and Employment Law, Civil Trial Law and Personal Injury

Trial Law. I believe that I am the only attorney in the State of Texas holding all three of these board certifications. I predominately handle wage and hour and employment claims on behalf of employees.

I have handled numerous class action cases in federal courts throughout Texas, Louisiana, Mississippi and Alabama involving collective actions for unpaid overtime which have resulted in the recovery of multiple millions of dollars for my clients. These cases include collective actions against Sanderson Farms, Pilgrim's Pride, Peco Foods, House of Raeford, Wayne Farms, Marshall Durbin, Carrier Corporation and the Trane Company.

Likewise, I have also litigated many cases in federal courts in Houston, Corpus Christi, Marshall, Tyler, San Angelo, San Antonio, Beaumont and Dallas. In addition, I have appeared before the U.S. Fifth Circuit Court of Appeals various times over the years.

## THE *JOHNSON* FACTORS

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), sets out the factors that a court considers in making an award of attorney's fees:

1. the time and labor required for the litigation;
2. the novelty and difficulty of the questions presented;
3. the skill required to perform the legal services properly;
4. the preclusion of other employment by the attorney due to acceptance of the case;
5. the customary fee;
6. whether the fee is fixed or contingent;
7. time limitations imposed by the client or the circumstances;
8. the amount of time involved and the result obtained;
9. the experience, reputation and ability of the attorneys;
10. the "undesirability" of the case;
11. the nature and length of the professional relationship with the client; and,

12. awards in similar cases.

## PLAINTIFFS' REQUEST FOR FEES AND COSTS

In support of the request for fees, I submit the following recap of attorney's fees, costs, and expenses regarding the Motion to Approve:

Applying the approved hourly rates to these hours expended results in the following lodestar amount.

| | | | | |
|---|---|---|---|---|
| Attorney: | 50 hours | @ $500/hr. | = | $ 25,000 |
| Paralegals: | 10 hours | @ $ 125/hr. | = | $ 1,250 |
| TOTAL | | | | $ 26,250 |

## TIME AND LABOR REQUIRED

This declaration is based on my contemporaneous time records in this case and other business records and from an examination of the files and records of this case. I have examined closely the accountings of my hours and those of Ms. Moore and am confident that they do not represent all our hours invested in the case and related matters, omitting, for example, e-mail exchanges and telephone calls.

I have exercised careful and reasonable billing judgment, paying close attention to the mandates of the Fifth Circuit Court of Appeals in this regard. No hours are claimed here that are excessive, redundant, or otherwise unnecessary; all the hours were reasonably and necessarily expended for this case, the bankruptcy case and monitoring of the Canadian bankruptcy proceedings. The knowledge, experience, and expertise involved to complete the activities in this case are the same reasonable knowledge, experience, and expertise used by other attorneys in similar litigation.

### DIFFICULTY OF THE QUESTIONS PRESENTED BY THE CASE

This lawsuit involves unpaid overtime claims for a group of Amazon contracted delivery drivers who arguably were subject to an arbitration agreement. Significant time was dedicated to the issue of arbitrability of the claims before the Court and whether the case could proceed as a collective action. I am seeking fees in the case based upon a rate of $500/hour for my time and $125/hour for my paralegal's time.

### SKILL REQUISITE TO PERFORM THE LEGAL SERVICES PROPERLY

As noted in the initial section of this Declaration ("Professional Background"), I have the requisite credentials, experience, and expertise in the area of wage and hour/employment litigation. I solely represent plaintiffs in employment matters and am one of the few lawyers in East Texas who have dedicated their practice to the vindication of worker's rights.

### PRECLUSION OF OTHER EMPLOYMENT DUE TO ACCEPTANCE OF CASE

My work on this case precluded litigation on other matters and required me to spend a considerable amount of time on this matter to the preclusion of other work I could have performed for other clients.

### THE CUSTOMARY FEE

Because of my experience in handling FLSA collective action cases and because I handle throughout the State of Texas, I am very familiar with customary rates for lawyers, their assistants, and clerks who do employment work, according to the level of their experience and the work they do. As a member of the Texas Employment Lawyers Association, I am constantly in communication with other attorneys in the state dedicated to representation of employees and are aware of the customary rates throughout the State of

Texas. In connection with this application, Plaintiff submits an Attorney's Fees Rate Book which outlines fee awards state-wide, as well as in the Southern District of Texas. The lodestar calculation in my opinion the fee requested is very reasonable. Legal assistant fees are recoverable under the FLSA. I believe the hourly rates requested in this case for the paralegal and support staff person are very reasonable and well within the prevailing "market rate" in this area for persons of similar experience and capability.

All the hours that I claim in this case were customary, reasonable, and necessary for the prosecution of this case.

The hourly rate of $500/hour, which I have used to calculate the lodestar is reasonable and well within the market rate for an attorney of my experience and knowledge for the work done on this case.

## LEGAL ASSISTANT AND CLERK

The work performed by the legal assistant in this case was in place of what I, as an attorney, would otherwise have to have done. All the work they performed was customary, reasonable, and necessary to the successful outcome of the case.

Ms. Moore was the primary person responsible for tracking the case filings in the case and filing pleadings with the Court. I have included a $125/hour for Ms. Moore in the lodestar calculation. Federal courts in Texas have recently approved rates as high as $110/hour for legal assistants. *Szijjarto v. McCarrell*, 2014 WL 555122, *5 (S.D. Tex. Feb. 12, 2014). Nineteen years ago, the Fifth Circuit found paralegal rates of $75-$125/hour reasonable. *See League of United Latin American Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1235 (5th Cir. 1997).

### WHETHER FEE IS FIXED OR CONTINGENT

There is a written fee agreement with the client. The fee agreement is fully contingent and the client has not paid any retainers.

### THE AMOUNT INVOLVED AND RESULTS OBTAINED

Plaintiff's counsel have succeeded in obtaining a very favorable settlement in this matter, which is a significant result, considering the bankruptcy and personal jurisdictional issues involved.

### THE "UNDESIRABILITY" OF THE CASE

When this case was filed, the named Plaintiff was arguably subject to an arbitration agreement which purported to limit the ability to proceed as a collective action. All of these factors contribute to the difficult and undesirableness of handling this case.

### NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP WITH CLIENTS

Throughout this process, I have maintained an excellent working relationship with the client, advising them, consulting with them, and generally staying in close touch with him.

### EXPENSES

My firm has incurred $213.50 in taxable court costs.

Dated: March 16, 2021

_____
William S. Hommel, Jr.