UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SOUTHERN STAR EXPRESS, LLC,** : | |
| : | 5:19-CV-1423-DAE |
| Plaintiff/Counter Defendant, : | |
| : | CLASS/COLLECTIVE ACTION |
| v. : | |
| : | |
| **DORIAN J. PAGE,** : | |
| : | |
| Defendant/Counter Plaintiff. : | |

### DECLARATION OF RYAN ALLEN HANCOCK IN SUPPORT OF DEFENDANT/COUNTER PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

I, Ryan Allen Hancock, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I respectfully submit this declaration in support of Defendant/Counter Plaintiff's request for attorneys' fees and costs. The following is based on my personal knowledge, and if called upon to do so, I could and would competently testify thereto.

2. I serve as counsel for the Defendant/Counter Plaintiff Dorian J. Page and submit the following facts as established *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04, *reprinted in* Tex. Gov't Code., tit. 2, submit. G app. (State Bar Rules, art. X, §§ 9)); *and see Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

3. For more than nine years, I was the Assistant Chief Counsel for the Pennsylvania Human Relations Commission, the Commonwealth of Pennsylvania's Civil Rights Enforcement Agency. I am currently a partner and Chair of the Employment Law Department of Willig, Williams & Davidson located at 1845 Walnut Street, 24th Floor Philadelphia, PA 19103.

Throughout my career, I have focused on representing individuals (or groups of individuals) in litigation related to their employment.  I have represented employees in hundreds of administrative claims and lawsuits in state and federal district court, including wage-and-hour cases involving allegations of off-the-clock work and unpaid overtime compensation.

4. I am licensed in good standing to practice in all state courts in the Commonwealth of Pennsylvania, the State of New York, United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit,  United States District Court for the  Southern District of New York, United States District Court for the Eastern District of New York, the United States Court of Appeals for the Second Circuit as well the United States District Court for the Northern District of Illinois. I have never been sanctioned, disciplined, or otherwise admonished by any bar organization.  I have never been denied *pro hac vice* admission in any court, nor has any court revoked my *pro hac vice* admission.  No court has ever refused to certify (or conditionally certify) a class or collective action based on my inadequacy as class counsel.

5. The majority of my practice is devoted to employment law, which includes wage-and-hour litigation.  I have litigated against companies in almost every industry, and I have litigated against many of the preeminent defense firms in employment litigation.  Further, I have served as class counsel in class-action wage-and-hour lawsuits, including *Dale Ramtour v. Brendan Stanton, Inc.*, Case No. 2:15-cv-04941 (E.D. of Pa.); *Douglas Salomone, et al. v. Urge Productions, LLC and Aaron Kaufman*, Index No. 651220/2015 (N.Y. Sup. Ct.); *David Johnson, et al. v. Ronak Foods, LLC, et al.*, Case No. 001090 (Ct. of Com. Pl. of Philadelphia Cnty.); *Karel Alvarez et al. v. BI Incorporated*, Case No. 2:16-cv-02705 (E.D. of Pa); *Maria Devlin et al. v. Ferrandino & Son, Inc.,* Case No. 2:15-v-04976 (E.D. of Pa); *Hector Ayala Herrera et al. v.*

*Rolling Green Landscape and Design, Inc. et al*., Case No. 2:17-cv-03176 (E.D. of Pa); *Tyhee Hickman et al. v. TL Transportation, LLC et al*., Case No. 2:17-cv-01038 (E.D. of Pa); *Frederich Green et al. v. Amazon.com, LLC, et al.,* Case No. 1:18-cv-1032 (M.D. of SC); *Gaines v. Amazon.com, LLC, et al.,* Case No. 1:19-cv-00528 (N.D. of Georgia); *Priestley Faucett v. Amazon.com, LLC, et al.,* Case No. 1:18-cv-08066 (N.D. of Ill.); and *Heather Gongaware v. Amazon.com, LLC, et al*. Case No. 1:18-cv-08358 (N.D. of Ill.).

6.     In the prosecution of this case, my firm served as Co-Lead Counsel, and worked with Berger & Montague, P.C and Lichten & Liss-Riordan.  Our firms worked together to divide assignments, avoid duplication of effort and accomplish all tasks in the most efficient manner possible.

7.     As of February 28, 2020, the total number of recorded hours spent on this litigation by Willig, Williams & Davidson is 12.3 and the total lodestar amount for attorney and support staff time, based on the firm's current rates is $7,195.50.  The hourly rates show below are the usual and customary rates charged for each individual in all of our cases.  A breakdown of my firm's lodestar is reflected below:

| Name | Position | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Ryan Allen Hancock | Of Counsel | 12.3 | $585 | $7,195.50 |
| **TOTAL** | | 12.3 | | **$7,195.50** |

8.     Due to the amount of privileged information contained in Willig, Williams & Davidson's actual hourly billing records, those detailed records are not attached here, but can easily be provided for this Court's *in camera* review should the Court wish to review them.

9.     The hourly rates for Ryan Allen Hancock are the same as would be charged in non-contingent matters and/or which are lower than those that have been accepted and approved in other recent class and collective action wage and hour litigation by this Court.  *See Niver v.*

3

*Specialty Oilfield Solutions*, No. 14-1599-JFC (W.D. Pa. Oct. 7, 2015) (Conti, J.); *Thompson v. Peak Energy Services USA, Inc.*, No. 13-cv-266 (W.D. Pa. Nov. 19, 2014); Transcript of Final Approval Hearing at 23:7-24:9, *Stivers v. Office Depot*, No. 12-cv-1534 (W.D. Pa. Sept. 19, 2013) (Eddy, J.); *Bearden v. Precision Air Drilling Services, Inc.*, No. 2:11-cv-01511-NBF (W.D. Pa. Sept. 26, 2012) (Fischer, J.); *Thomas v. Allis-Chalmers*, No. 2:10-cv-01591-RCM (W.D. Pa. Sept. 11, 2012) (Mitchell, J.); *Caudell v. RDL Energy Services, LP*, No. 2:11-cv-01523-JFC (W.D. Pa. Jul. 30, 2012) (Conti, J.).

10. The time reflected above was time actually spent, in the exercise of reasonable judgment, by the attorneys and staff involved. Counsel was careful not to expend unnecessary hours and not to duplicate work done by others.

11. As settlement administration is ongoing, and based on my experience in previous employment cases, I estimate that Willig, Williams & Davidson's lodestar will be at or near approximately $10,000.00 by the time the Claims Submission period ends, due to the need to work with Lichten & Liss-Riordan and Berger & Montague in coordinating with the Claims Administrator, communicating with Settlement Class Members, overseeing the Notice and Claims process, drafting the Motion for Final Approval of the Settlement Agreement, and attending the Final Approval hearing if necessary.

12. This litigation required my firm to advance costs. Because the risk of advancing costs in this type of litigation is significant, doing so is often cost prohibitive to many attorneys.

13. As of February 28, 2021, my firm expended costs in the amount of $5.41 to prosecute this action, as follows:

| **Expense** | **Amount of Expense** |
|---|---|
| Computer research | $5.44 |
| **TOTAL** | **$5.44** |

14. The expenses incurred pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred. All of the expenses incurred were reasonable and necessary to the prosecution of this case.

Dated: March 23, 2021  /s/ Ryan Allen Hancock
Ryan Allen Hancock